Charles Alvin McKENZIE,
Appellant (Defendant),

v.

Victoria Lynn SHEPARD, formerly Victoria Lynn McKenzie,
Appellee (Plaintiff).

Victoria Lynn SHEPARD, formerly Victoria Lynn McKenzie, Appellant
(Plaintiff),

v.

Charles Alvin McKENZIE,
Appellee (Defendant).

Nos. 91–22, 91–23.

Supreme Court of Wyoming.

Aug. 7, 1991.

Michael K. Shoumaker, Sheridan, for Victoria Lynn Shepard.

Robert W. Brown, Lonabaugh & Riggs, Sheridan, for Charles Alvin McKenzie.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and RAPER, J. (Retired).

RAPER, Justice, Retired.

This appeal involves the validity of an agreement between a divorced husband and wife which settled all past due and future child support payments for a sum considerably less than that due or to become due under the original divorce decree made by the court some years previously. The trial judge allowed recovery of child support accrued and unpaid to the date of the agreement, i.e., from the date of divorce decree on July 3, 1974 to the date of agreement, June 15, 1984, but denied prospective support.

We will affirm in part and reverse in part.

On July 3, 1974, the parties were divorced. The decree incorporated a stipulation and property settlement agreement which in part provided that the father would pay the sum of $75 per month for each of the parties' two minor children. On March 2, 1979, the parties entered into an agreement and stipulation stating that for the sum of $3,000, all claims for back child support through April 1, 1979 would be considered paid. The agreement also modified the decree by changing the custody of the boy and providing $200 per month to the mother for the girl. This agreement was submitted to the district court which approved the same by its order. Payments of child support as modified were not timely paid or in full. The wife obtained a judgment on December 15, 1980, in the sum of $5,075

for unpaid support and the court returned custody of the boy to the mother.[1]

In 1984, the mother filed a Uniform Reciprocal Enforcement of Support Action in Rosebud, Montana, where the father was living at the time. After such filing, the parties signed a Waiver Agreement by which wife "voluntarily waives all claims for * * * past or future child support contributions with full knowledge of her rights. This waiver is given in exchange for a lump sum payment of Three Thousand Dollars ($3,000.00) from Charles A. McKenzie to Victoria L. Shepard, the receipt of which is hereby acknowledged." This waiver agreement was filed with the Montana court but not filed with the Wyoming court in Sheridan County until admitted into evidence in 1990. No order of the court was applied for or made in Montana or Wyoming approving the 1984 modification entered into between the parties. Apparently the Montana filing was only made in order to obtain dismissal of the U.R.E.S.A. proceeding against the father.

 W.S. 20–2–113(a) (emphasis added), in effect at the time, provides:

In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. *On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires.*

That statutory provision, emphasized above, is the crucial determinant in this case. Jurisdiction in divorce matters is purely statutory, *Urbach v. Urbach*, 52 Wyo. 207, 73 P.2d 953 (1937). Under this statute, only the court may "revise the decree" concerning the maintenance of the children.

 While agreements and stipulations between the divorced parties are presumed fair and favored by the courts, *Beard v. Beard*, 368 P.2d 953 (Wyo.1962), *Rinehart v. Rinehart*, 52 Wyo. 363, 75 P.2d 390 (1938), such agreements must be promptly submitted to the district court having jurisdiction to revise the original decree. W.S. 20–2–113(a). The parties may not independently revise the decree, only the district court can do that, when warranted. A substantial change in circumstances outweighs consideration of finality. *Parry v. Parry*, 766 P.2d 1168 (Wyo.1989). *Parry* went on to say:

The first issue we will discuss is whether the district court had authority to retrospectively modify a decree of divorce with respect to child support. We hold that it did not have that authority. * * *

* * * If a court could retrospectively modify the rights of a party under a decree incorporating a settlement agreement, the agreement becomes virtually worthless. This development would violate well-established Wyoming law favoring settlement agreements. *Mentock [v. Mentock]*, 638 P.2d 156 [Wyo. (1981) ]; *Lewis [v. Lewis]*, 716 P.2d 347 [Wyo. (1986) ]. Furthermore, allowing retrospective modifications of divorce decrees may encourage default. A party might decide to stop payment and allow arrearages to accrue to a substantial amount, with the hope and anticipation that the court will cancel the accrued payments owed to the receiving party. We prefer a rule which encourages a party to seek modification of a divorce decree at the moment his financial situation changes. In the present case, appellant chose to simply stop making the required payments. We will not sanction this type of self-help by allowing retrospective modi-

---

**1.** The judgment included support money for the boy at $75 per month in that the husband never actually took custody as he could have under the modification.

fication of the decree.[2]

*Id.* at 1170 (footnote omitted).

The district court here did not allow retrospective modification. Therefore, we must affirm the district court in that regard. When it comes to waiver of prospective support, the rule is different. We have already set out the rule in the last sentence of the foregoing quotation from *Parry*, 766 P.2d at 1170: "We will not sanction this type of self-help by allowing retrospective modification of the decree." The divorced husband's failure to seek modification by approval of the waiver as to future support killed his chances of avoiding payment of support following execution of the stipulation. It is immaterial that the children are emancipated or of age at the time of hearing. The debt was fixed by the modified divorce decree.

We must accordingly reverse that part of the district court's order which denied recovery of support following execution of the stipulation and agreement dated June 15, 1984, until the dates each of the children came of age or were emancipated as provided in the divorce decree previously modified and approved by the trial judge.

Affirmed and reversed accordingly. We remand to the district court to enter an appropriate order in accordance with the sense of this opinion.

---

**2.** See also W.S. 20–2–113(a) providing that a decree may be modified only as to payments accruing subsequent to a petition for modification cited in *Hinckley v. Hinckley,* 812 P.2d 907 (Wyo.1991).