Robert D. RICHARDSON,
Appellant (Plaintiff),

v.

Karla M. RICHARDSON,
Appellee (Defendant).

No. 93–61.

Supreme Court of Wyoming.

Feb. 4, 1994.

Richard G. Miller, Casper, for appellant.

Karla M. Richardson, pro se.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

In this appeal, the former husband seeks reversal of the district court's decision to extend the period of time during which the former husband is required to pay alimony to his former wife. The former husband also contends that since the district court exhibited such bias and prejudice against him in the original divorce proceeding, the district court is required to grant the former husband's motion for disqualification. The former husband also argues that the district court lacked jurisdiction to modify the original divorce decree because the modification affected the property settlement and was not an award of support or maintenance (alimony). Finally, the former husband contends the district court erred in making an award of attorney's fees to the former wife.

We affirm in part and reverse in part.

## I. ISSUES

Appellant, Robert D. Richardson (Robert), submits these issues:

1. Did the district judge err when he found the settlement agreement containing a release entered into by the parties in the adversary proceeding in appellant's bankruptcy was not binding upon appellee?

2. Did the district judge abuse his discretion when he refused to recuse himself pursuant to Rule 40.1(b)(2)(E)?

3. Did the district judge err as a matter of law when he modified the division of property and called it alimony?

4. Did the district judge err in his award of attorney's fees to appellee?

In response, appellee, Karla M. Richardson (Karla), contends:[1]

1. The appellate court should find that the district judge did not err when he found the settlement agreement containing a release entered into by the parties in the adversary proceeding in appellant's bankruptcy was not binding upon appellee, which resulted in a modification of the child support and alimony payments[.]

2. The appellate court should find that the district judge did not err as a matter of law when he modified the payment of alimony, this alimony not being in the nature of a property settlement[.]

3. The appellate court should find that the district judge did not abuse his discretion b[y] refusing to recuse himself pursuant to Rule 40.1(b)(2)(E)[.]

4. The appellate court should find that the district judge did not err in his award of attorney's fees to appellee[.]

## II. FACTS

The parties were married to each other on February 25, 1983. They separated in June of 1987, and a decree of divorce was entered on May 22, 1990. One child was born of the marriage and she suffers from spina bifida at the more extreme range of severity. The district court's findings of facts and conclusions of law, on which the divorce decree was based, were fifty pages long and articulated the decisions reached by the district court after a three-day temporary support hearing and a nineteen-day trial. Robert was ordered to pay: $900.00 per month as child support and to maintain health insurance coverage for the child (with each parent sharing medical expenses not covered by insurance); $300.00 a month as alimony which was to continue for thirty-six months, but to terminate if Karla remarried or Robert died; $1,280.00 for child support arrearage; Karla's attorney's fees in the amount of $17,865.00; the proceeds of Robert's 401K plan (and any taxable consequences) were awarded to Karla, with Robert's share being credited to his obligation to pay Karla's attorney's fees; the parties' indebtednesses were divided; and other provisions relating to life insurance and tax arrangements were included in the final divorce decree. Neither party appealed. Within a matter of days after the divorce decree was entered, Robert sought relief from the United States Bankruptcy Court for the District of Wyoming and, as a result of those proceedings, was relieved of a

---

1. Karla's brief was not timely filed. This court granted a motion to permit the late filing of a pro se brief. However, in accordance with W.R.A.P. 7.11, Karla was not permitted to participate in oral argument.

significant measure of the financial burdens placed on him by the divorce decree.

On May 19, 1992, Karla filed a petition seeking to find Robert in contempt, as well as a petition to modify the divorce decree. Karla contended that Robert was in arrears as to child support in the sum of $1,350.00 and, as to alimony, in the amount of $1,200.00. Her petition also alleged, in part:

8. That on June 1, 1990, a mere eight [8] days after the entry of the Court's Order divorcing the parties and setting forth Plaintiff's [Robert's] respective obligations to Defendant [Karla] and the parties' minor child, the Plaintiff filed for bankruptcy in the United States Bankruptcy Court in the District of Wyoming, Case No. 90–05159–A.

9. That on September 10, 1990, after much discussion, Plaintiff then filed an adversary proceeding to determine the dischargeability of the Court's award to Defendant of the 401K Plan and the attorney's fees. The purpose of the bankruptcy filing was for Plaintiff to retain the 401K Plan and for the Bankruptcy Court to discharge the obligation of Plaintiff to pay attorney's fees that were incurred through the extensive 19 day battle Plaintiff waged to prevent himself from having to pay a reasonable sum for child support for his child.

10. That by reason of the Plaintiff's scheme to appeal this Court's Decree through the bankruptcy system, coupled with the attendant expense, delay and additional attorney's fees, Defendant was forced to enter into an Agreement for the settlement of the adversary proceedings in said Bankruptcy Court. * * *

11. That by reason of said settlement, Defendant lost and gave up approximately $7,500.00 of attorney's fees and back child support awarded to her pursuant to Paragraph No. 13 of the Decree entered herein and likewise had to give up several thousand dollars contained in the 401K Plan.

12. That the Plaintiff's filing of the bankruptcy action and the resultant forced concession by Defendant of the $7,500.00 of attorney's fees and back child support as well as the sums retained by Plaintiff in the 401K Plan above $22,500.00, Defendant was deprived of approximately $12,000.00 of the settlement awarded by the Court. By reason of Plaintiff's filing of bankruptcy, Defendant has suffered a substantial change in circumstances and hardship.

13. That Plaintiff intends to be married in the near future and Paragraph No. 5 of said Decree provides that the alimony shall cease upon Defendant's remarriage.

14. That the hardships created by the unwarranted and unjustified action of Plaintiff filing bankruptcy, his continued tardiness in payment and refusal to pay in recent months and in view of the Court's authority under W.S. § 20–2–116, the Court should modify the Decree of Divorce as follows:

a. So that the alimony of Three Hundred Dollars [$300.00] per month set forth in Paragraph No. 5 of the Decree of Divorce will not terminate upon Defendant's remarriage.

b. That the alimony set forth in the amount of Three Hundred Dollars [$300.00] per month should continue past Defendant's remarriage and the same should be extended beyond the 36 months for an additional 48 months after the expiration of the 36 months.

A copy of the stipulation entered into in the bankruptcy court proceedings is also a part of this record and is accurately summarized in the pleading quoted above.

Robert filed a counter-petition seeking to modify the divorce decree, primarily to reduce his child support obligation. At the time the counter-petition was filed, Robert had remarried and had fathered at least one child in that relationship and was financially responsible for a household of four persons.

After a two-day modification hearing, the district court issued an order resolving the controversies between the parties. The district court emphasized that its determination was based primarily on the best interests of the parties' disabled, minor child and recognized that the care of that child was essentially a full-time job for Karla. The district court determined that the only cash asset held by the parties was Robert's 401K plan.

That asset was initially employed by the district court to defray little more than the legal costs of this extravagant piece of litigation. The district court found that the proceedings in the bankruptcy court upset the delicate balance fashioned in the original decree and the results of the bankruptcy proceedings constituted a substantial change in circumstances justifying modification of the original decree. The district court found that Robert was in contempt and ordered him to pay all arrearage on a set schedule and that Robert pay Karla's attorney's fees in the amount of $6,534.32. The district court also modified the divorce decree and ordered Robert to pay Karla alimony in the amount of $300.00 per month for an additional term of forty-eight months.

## III. DISCUSSION

■ The essence of Robert's first argument is that the district court was offended in not having the "last word" and chose to ignore the bankruptcy settlement agreement as a means to punish Robert. However, it is our view that the district court's decision is consistent with this court's established principle that the parties to a divorce may not modify a divorce decree without submitting those modifications to the district court for its consideration and approval. *McKenzie v. Shepard*, 814 P.2d 701, 702 (Wyo.1991). In addition, there is a significant body of authority which consistently supports the district court's decision to treat the results of the bankruptcy proceeding as a change of circumstances justifying modification of the original decree. *Dorr v. Newman*, 785 P.2d 1172, 1179 (Wyo.1990); *Low v. Low*, 777 S.W.2d 936, 938 (Ky.1989); Gavin L. Phillips, Annotation, *Divorce: Court's Authority to Institute or Increase Spousal Support Award After Discharge of Prior Property Award in Bankruptcy*, 87 A.L.R.4th 353 (1991). The district court did not "ignore" the bankruptcy settlement agreement; rather, that agreement and its ultimate results were the basis for the finding of changed circumstances which necessitated modification in order to restore the equities of the original divorce decree.

■ Karla's petition was filed before she remarried, although she had remarried by the time the district court's modification order was entered. Robert contends the district court lacked jurisdiction to modify an award that had expired by its own terms. There is a substantial body of authority which supports the proposition that alimony may be extended after termination of the original term of payment has expired, including such a circumstance as remarriage. *In re Marriage of Marshall*, 394 N.W.2d 392, 394–95 (Iowa 1986); Russell G. Donaldson, Annotation, *Power to Modify Spousal Support Award For a Limited Term, Issued in Conjunction With Divorce, So As to Extend the Term or Make the Award Permanent*, 62 A.L.R.4th 180, esp. § 15 (1988); and *see, Swetich v. Smith*, 802 P.2d 869, 871 (Wyo. 1990) (alimony does not necessarily terminate upon remarriage, although it may be a factor in modification). *Contra, Sellers v. Sellers*, 775 P.2d 1029, 1032 (Wyo.1989).

■ As a related argument, Robert contends the award was a change in the property settlement and not an additional award of alimony. This argument is premised on the theory that because the modified award did not provide that the alimony terminated upon the remarriage of the wife or the death of the husband, it was not alimony as contemplated by the Internal Revenue Code. This argument fails for two reasons. First, the award is clearly support and maintenance. Second, an award of alimony would terminate upon Robert's death; if not by operation of the original decree, then by operation of law. *Spitzer v. Spitzer*, 777 P.2d 587, 594 (Wyo. 1989).

Thus, we hold the district court's modification order is neither contrary to law nor an abuse of discretion.

■ Robert contends the district court was biased and prejudiced toward him and, as a result, was required to grant his motion for disqualification under W.R.C.P. 40.-1(b)(2)(E) (peremptory disqualification if judge is biased or prejudiced against the moving party or the party's counsel). There is no indication in the record of bias or prejudice to Robert. To the extent the district court made adverse findings about Rob-

ert (e.g., Robert had bitterly contested even temporary support for his disabled child, squandering most of the marital assets in that process and the subsequent nineteen-day divorce trial; he assumed new family obligations before the divorce was resolved), those findings were based on the evidence before it. Bias and prejudice cannot be presumed from unfavorable past rulings. *TZ Land & Cattle Co. v. Condict,* 795 P.2d 1204, 1211 (Wyo.1990). The district court did not err in denying the motion to disqualify.

■  Finally, Robert contends the district court erroneously awarded Karla attorney's fees in the amount of $6,534.32. We have carefully examined the record and are unable to distinguish between attorney's fees paid for the contempt proceeding and those paid for other issues. Karla had ample opportunity to present all necessary evidence to support her request for attorney's fees. The record will not support an award of attorney's fees.

### IV.  CONCLUSION

The order of the district court is affirmed in part and reversed in part. We remand to permit the district court to issue an order conforming with this opinion.