Lisa CHILDS

v.

Yvonne Elsa FRANCO.

Civ. A. No. 82–1597.

United States District Court,
E.D. Pennsylvania.

May 20, 1983.

---

Mark A. Sternlicht, Sprague & Rubenstone, Philadelphia, Pa., for plaintiff.

Robert C. Steiger, Harper & Driver, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Plaintiff moves for a new trial on the grounds that defense counsel's closing argument contained an admission of injury to the plaintiff due to defendant's negligence. As a result of this admission, plaintiff contends that the court's charge to the jury on proximate cause and the special interrogatories constituted fundamental error. For the following reasons, plaintiff's motion will be granted.

## DISCUSSION

At the conclusion of trial, the jury rendered a verdict in favor of the defendant driver and against the plaintiff. The case involved a rear-end collision in which defendant's negligence was admitted. The only jury issue was the extent of injuries, if any, which plaintiff suffered as a result of the accident. During the course of trial, defense counsel drew distinctions between plaintiff's injuries which lasted for a short period after the accident and those which he contended were chronic, pre-existing and not related to the collision in question, but to a prior accident. This distinction was re-emphasized throughout defendant's closing. Defense counsel asked the jury to consider whether the accident caused any aggravation of plaintiff's pre-existing condition. "[T]he biggest issue in this case [is] whether or not that accident of September 14, 1981 caused any of the on-going problems that [plaintiff] thereafter complained about or whether or not those things would have occurred independent of that accident." (Closing at 7). *See also* Closing at 17–18. In contrast to statements regarding plaintiff's chronic problems, near the end of his closing argument, defense counsel rhetorically asked: "[W]as there any significant pain and suffering *as a result of this accident?*" (*Id.*, at 18) (emphasis added). He then answered his own question, stating, "Ladies and gentlemen, I say to you, yes, she sustained some pain because she had to go to the doctor—go to the hospital and be treated following the accident. Yes, she probably had some discomfort thereafter,

but how much?" *Id.* Plaintiff contends this answering statement constituted an admission by defense counsel that, because of the accident, plaintiff at least suffered some "acute" injury.

 If unequivocal, an admission of counsel during the course of trial is binding on the client. *Glick v. White Motor Company,* 458 F.2d 1287, 1291 (3d Cir.1972), *citing Rhoades, Inc. v. United Air Lines, Inc.,* 340 F.2d 481 (3d Cir.1965), and *Oscanyan v. Arms Co.,* 103 U.S. 261, 26 L.Ed. 539 (1880); *Printing and Paper Trades v. Cuneo Eastern Press,* 72 F.R.D. 588, 593 (E.D.Pa.1976), *aff'd,* 549 F.2d 796 (3d Cir.1977). *Compare Taylor v. Allis-Chalmers Manufacturing Company,* 320 F.Supp. 1381, 1384–85 (E.D. Pa.1969), *aff'd,* 436 F.2d 416 (3d Cir.1970) (statements made by defense counsel in pretrial memorandum not permitted into evidence as admissions); *United States v. Freeman,* 519 F.2d 67, 70 (9th Cir.1975) (where counsel made statements under degree of compulsion and outside presence of his client, and where information sought was element of potential criminal charge, counsel's statements were not binding on client as judicial admissions). Furthermore, the scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof. It does not include statements by counsel of his or her conception of the legal theory of the case.[1] *Glick,* 458 F.2d at 1291.

The alleged admission by defense counsel in this matter does relate to a question of fact—*e.g.,* was plaintiff injured as a result of the accident? Moreover, by itself, the statement is not ambiguous. Defense counsel points to other remarks in his closing to argue that no definite position was taken whether or not plaintiff suffered injuries as a result of the accident. Specifically, counsel points to statements in which he reminded the jury that of all the people involved in the accident, only one person managed to suffer serious injuries. Counsel asked the jury to use their common sense as well as to remember witnesses' statements and plaintiff's actions which reflected negatively on her credibility. However, following these comments, defense counsel did not argue, as he had in his opening,[2] that plaintiff was not injured at all. Rather, in substance, he argued that the injuries resulting from the accident were minimal. Defense counsel's strategy with respect to acute injuries, perhaps more effective than anticipated, was not totally to deny their existence, but, in view of the nature of plaintiff's claims, to ask the jury to be reasonable in its assessment of them.

 Taken by itself and in context with other statements, the court finds that defense counsel's acknowledgment during closing argument of the existence of some pain from the accident, was an unequivocal admission binding upon his client. The admission was reasonable in view of uncontroverted testimony that a rear-end collision did occur, the impact of which was sufficiently severe to cause a 90 pound machine being carried in the trunk of plaintiff's car to fall out onto the roadway.

Having found there was an admission of injury from the accident, the court must determine whether the jury instructions on proximate cause and the special interrogatories now constitute fundamental error requiring a new trial. In relevant part, the court's instructions were:

> If you find that the plaintiff has any injury that has been shown by a preponderance of the evidence, arising from the accident of September 14, 1981, whether that was an original injury at that time or an aggravation of preexisting condition, you must award the plaintiff some money, in an amount that will fairly and adequately compensate the plaintiff for the injuries she sustained as a result of the defendant's negligence.

---

1. The jury was instructed that arguments of counsel were not evidence for the jury to consider in reaching its verdict. However, an admission is not argument.

2. In counsel's opening he said: "The issue . . . is, what injuries did Ms. Childs sustain in this accident, if any, and if indeed she sustained injury, how much injury did she sustain in this accident." (Opening speech of Steiger at pp. 3–4).

The plaintiff has to show by a preponderance of the evidence that the defendant's negligence was *a substantial factor in bringing about some injury or all of the injuries* that she complains about in this lawsuit. (emphasis added)

The Special Interrogatories posed to the jury were:

1. Was defendant's negligence a substantial factor in bringing about any of the injuries claimed by the plaintiff:
YES_____ NO_____

2. If your answer to question 1 is "no," proceed no further. If your answer is "yes," then what amount will fairly and adequately compensate the plaintiff for the injuries she received as a result of defendant's negligence?
$ _____

The jury answered the first question in the negative. Plaintiff argues that as a result of the admission, the jury should not have been asked whether the accident was a substantial factor in causing the acute injuries. Rather, the instruction on proximate cause should have been limited to the alleged non-acute injuries.

At trial, plaintiff's counsel raised no objection to either the charge or to the special interrogatories, although given ample opportunity to do so. In relevant part, Rule 51, Fed.R.Civ.P. states: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict . . . ." However, where an error in instructions to the jury may have caused a miscarriage of justice, the court's error may constitute a basis for granting a new trial even though no timely or proper objection was made to the instructions. *Marder v. Conwed Corp.,* 75 F.R.D. 48, 68 (E.D.Pa. 1977), *citing* 6A Moore's Federal Practice ¶ 59.02[2] at 59–106. *Cf. Morley v. Branca,* 456 F.2d 1252, 1253 (3d Cir.1972) (court has softened impact of Rule 51 by holding that a fundamental error may be considered on appeal); *Beardshall v. Minuteman Press In-*

*tern., Inc.,* 664 F.2d 23, 27 (3d Cir.1981) (recognizing "plain error" doctrine as judicially created exception to Rule 51). In *United States v. 564.54 Acres of Land, More or Less,* 576 F.2d 983 (3d Cir.1978), *rev'd on other grounds,* 441 U.S. 506, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979), the court explained that even where no timely objection is made, "if the error is fundamental and highly prejudicial or if the instructions are such that the injury is without adequate guidance on a fundamental question and . . . failure to consider the error would result in a miscarriage of justice," review is proper. *Id.* at 987.

Viewed against this standard,[3] the combined effect of the jury instructions and special interrogatories constituted fundamental error which was highly prejudicial considered in the post-trial light of the transcription of defense counsel's admission. To the extent that defense counsel admitted that plaintiff did suffer some injury from the accident, even if nominal, the jury should simply have been directed to return a verdict in some dollar amount to compensate her for those injuries. Insofar as the proximate cause instructions and first interrogatory required the jury to determine in the first instance whether defendant's negligence was a substantial factor in bringing about *any* injury, the jury was not given proper guidance on the fundamental and single question of damages. Accordingly, plaintiff's motion for a new trial will be granted.

**3.** Although the Third Circuit in *564.54 Acres of Land* was referring to its discretionary power of review on appeal, the standard set forth would be equally applicable to a district court's review of its own instructions on a motion for a new trial.