**Terry L. LARSON and Wayne Larson, both individually and as husband and wife, Plaintiffs–Appellants,**

**v.**

**A.T.S.I., a Colorado corporation, and Teddy J. Rainey, Defendants–Appellees.**

No. 92CA0087.

Colorado Court of Appeals, Div. II.

March 11, 1993.

As Modified on Denial of Rehearing April 29, 1993.

Certiorari Denied Sept. 27, 1993.

Long & Jaudon, P.C., Gary B. Blum, Elizabeth A. Weishaupl, Denver, for plaintiffs-appellants.

Wood, Ris & Hames, P.C., Mark R. Davis, Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiffs, Terry L. and Wayne Larson, appeal from the judgment entered on a jury verdict in favor of defendants, ATSI and Teddy J. Rainey. We reverse.

Plaintiffs brought this action for personal injuries after a semi-tractor truck owned by ATSI and driven by its employee, Teddy J. Rainey, collided with Terry Larson's vehicle. Defendants admitted legal liability for any injury and damages, caused by the collision, plaintiff may have suffered. Hence, the jury was instructed: "In view of that admission the only issues remaining for the jury to determine are (1) what injury, (if any), and (2) the amount of damages, (if any) which were caused by the occurrence."

The threshold issue pursuant to the No–Fault Act was not contested nor submitted to the jury. *See* § 10–4–714(1), C.R.S. (1987 Repl.Vol. 4A). Rather, the major contested issue was whether plaintiff Terry Larson's claim of a seriously debilitating reflex sympathetic dystrophy was caused by the collision. However, the jury also received evidence and was instructed that it should consider non-economic loss incurred and those which would probably be incurred in the future, including pain and suffering, inconvenience, and emotional stress.

The jury returned a special verdict for defendants finding that plaintiff did not incur any injuries, damages, or losses.

Plaintiffs contend that the trial court erred by denying their motion for new trial or alternatively for judgment notwithstanding the verdict. We agree that, under the totality of the circumstances here, the trial court correctly denied the motion for judgment notwithstanding the verdict, but erred in denying the motion for new trial.

Plaintiffs also contend that the trial court erred in refusing to enter judgment on their behalf based upon an offer of settlement which they had accepted within ten days of the offer, albeit subsequent to the defense verdict. We disagree.

I.

■ Defendants' offer of settlement was received by plaintiffs on September 27, 1991. Trial commenced on September 30, 1991, the defense verdict was received on October 4, 1991, and the offer was accepted on October 7, 1991. As pertinent here, the offer concluded with: "Please consider this an offer of settlement pursuant to C.R.S. Section 13–17–202."

Section 13–17–202(3), C.R.S. (1992 Cum. Supp.) reads:

At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer of settlement to the effect specified in his offer, with costs then accrued. If within ten days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with proof of service thereof, and thereupon the clerk shall enter judgment. An

offer not accepted shall be deemed withdrawn....

The trial court refused to enter judgment on the offer concluding that, because it was not served at least 10 days before trial, it was not a § 13–17–202 offer. We agree that a post-verdict acceptance would neither comport with the legislative intent to encourage settlements prior to trial nor would a just and reasonable result flow from such an interpretation of the statute. *See* § 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B).

Subsequent to the announcement of the original opinion herein, our supreme court in *Centric–Jones v. District Court,* 848 P.2d 942 (Colo.1993) held that a timely offer of judgment pursuant to § 13–17–202(3), C.R.S. (1992 Cum.Supp.) was irrevocable even if a partial summary judgment is entered prior to the statutory 10–day period for acceptance. However, inasmuch as the offer of judgment here was not made within the statutory period and the attempted acceptance was subsequent to a jury verdict denying the entire claim, we hold that *Centric–Jones* is inapposite.

## II.

### A.

■ A motion for new trial may be granted for, among other causes, excessive or inadequate damages, or an error in law. C.R.C.P. 59(d). A trial court's ruling denying a motion for new trial is subject to its considerable discretion and will be reversed only upon a clear showing of abuse. *Aspen Skiing Co. v. Peer,* 804 P.2d 166 (Colo. 1991).

Plaintiffs argue that, based on unrebutted evidence and admissions made by defendants at trial, a new trial must be granted because of inadequate damages. The admission referred to by plaintiffs occurred when defense counsel made the following statement in closing argument:

As I stated in opening and I still state it again, the Plaintiff is entitled to compensation for damages for injuries sustained in this accident. But you have to—they have to be proved to have been caused by

the accident. We believe that the evidence states that there was a minor cervical sprain that is in the hospital records. There is a bruise on her chest shown by Dr. Slover's records and Dr. Wheeler stated tightness in the back. However, the testimony in this case is that they were all resolved and there is no permanency related to those.

In addition, I have no doubt that it was a frightful experience that Mrs. Larson went through when this truck came next to her.... She is also entitled to reasonable compensation for the fright and experience of that.

Those are the injuries that were proven in this case to have been caused by the automobile accident and we request reasonable compensation accordingly....

■ "A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Kempter v. Hurd,* 713 P.2d 1274, 1279 (Colo.1986). Judicial admissions are binding on the party who makes them, are evidence against such party, and may constitute the basis of a verdict. *Northwestern National Casualty Co. v. State,* 682 P.2d 486 (Colo.App.1983). Such admissions, which may be made by a party's counsel, need not be written when made in court, and can occur in oral argument. *Kempter v. Hurd, supra.*

■ Defendants argue that an attorney's statements in closing are not to be considered either facts, evidence, or admissions, and that a jury may disregard closing argument and apply the law to the facts as it deems fit.

*Childs v. Franco,* 563 F.Supp. 290 (E.D.Pa.1983) involved facts similar to those at issue here. In that case, defendant admitted liability for a rear-end collision and the only issue at trial was whether and to what extent the plaintiff suffered injuries. In closing, however, defense counsel acknowledged that the plaintiff had sustained some pain from the accident. The court held that the acknowledgment was a binding admission because it was both unambiguous and related to a ques-

tion of fact. The court reversed the jury's verdict in favor of defendant finding that monetary damages, even a nominal amount, should have been awarded the plaintiff.

Generally, courts deciding this issue have focused on whether the alleged admission was unequivocal. *See Hayes v. Xerox Corp.*, 718 P.2d 929 (Alaska 1986); *Bunch v. Rose*, 10 Ill.App.3d 198, 293 N.E.2d 8 (1973). *But see Kuzmic v. Kreutzmann*, 100 Wis.2d 48, 301 N.W.2d 266 (1980).

We conclude that the *Childs* analysis is well-reasoned and should apply to the case at hand. Here, defense counsel's statement was unequivocal and pertained to a factual matter. It was not phrased as a statement of opinion, but rather, was declaratory in nature. Furthermore, although the jury had been instructed that the statements, remarks, arguments, and objections of counsel are not evidence, it was also informed that: "When the attorneys on both sides agree as to the existence of a fact, or a fact has been admitted, the jury must regard that fact as proved."

Hence, we hold that defense counsel's statement was a binding judicial admission that plaintiff Terry Larson had incurred some physical injury and damage in the accident.

While there is no case in our jurisdiction directly addressing the timing of the statement, the result that we reach finds support in several Colorado cases which suggest that a judicial admission can be made in a closing argument. *See Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986) (fn. 8); *Most Worshipful Prince Hall Grand Lodge v. Most Worshipful Hiram Grand Lodge*, 86 Colo. 330, 282 P. 193 (1929); *Nelson v. Lake Canal Co.*, 644 P.2d 55 (Colo.App.1981); and *Skeens v. Kroh*, 30 Colo.App. 88, 489 P.2d 347 (1971).

In light of defendants' admission of the existence of a physical injury, the jury's verdict for defendants cannot be supported by the evidence. *See Fletcher v. Porter*, 754 P.2d 788 (Colo.App.1988). Consequent-

ly, plaintiffs' alternative motion for a new trial should have been granted.

**B.**

 A judgment notwithstanding the verdict may be granted only if the evidence, taken in the light most favorable to the party opposing the motion and drawing every reasonable inference which may legitimately be drawn from the evidence in favor of that party, would not support a verdict by a reasonable jury in favor of the party opposing the motion. *Nelson v. Hammon*, 802 P.2d 452 (Colo.1990). However, inasmuch as negligent causation of the collision was admitted and the extent of damages remained the only contested issue, judgment notwithstanding a verdict would have served no useful purpose nor would it have been appropriate.

The judgment is reversed, and the cause is remanded for a new trial on the issue of damages.

HUME and COYTE,* JJ., concur.