Clint P. SCHULER, individually, and Schuler Construction, Inc., a Wyoming corporation, Appellants (Plaintiffs),

v.

COMMUNITY FIRST NATIONAL BANK, and Scott Weaver, individually, Appellees (Defendants).

No. 98–349.

Supreme Court of Wyoming.

March 22, 2000.*

Representing Appellants: E. Courtney Gruber of Central Wyoming Law Associates, P.C., Riverton, Wyoming.

Representing Appellees: Barry G. Williams and Kevin D. Huber of Williams, Porter, Day & Neville, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

The issue in this appeal is whether the district court erred in granting summary judgment for the appellees, Community First National Bank (the bank) and Scott Weaver. The appellants, Clint Schuler (Schuler) and Schuler Construction, Inc. (Schuler Construction), contend unresolved issues of material fact existed which precluded summary judgment on their claims for bad faith, negligence, and breach of agreement to provide a line of credit. We hold that the district court correctly granted summary judgment on the appellants' claims, and we, therefore, affirm.

## ISSUES

This statement of the issues is found in the Opening Brief of Appellants:

I. Did the trial judge err in finding that no material issue of fact existed with

---

* This case was originally assigned to Justice Thomas on May 26, 1999, for the rendering of a proffered majority opinion. The case was reas-signed to Chief Justice Lehman on December 16, 1999. Chief Justice Lehman distributed a proffered opinion to the Court on January 19, 2000.

regard to the Appellant[s'] allegation of bad faith and breach of fiduciary duties?

II. Did the trial judge err in finding that no material issue of fact existed with regard to the Appellant[s'] allegation of negligence?

III. Did the trial judge err in finding that no material issue of fact existed with regard to the Appellant[s'] allegation of breach of agreement to provide line of credit?

This statement of issues is found in the Brief of Appellees:

1. Did the Trial Court properly find that no bad faith or breach of fiduciary duty existed in this matter?

2. Did the Trial Court properly find that no duty existed except the one imposed by the contractual relationship of the parties?

3. Did the Trial Court properly find that there was no breach of the agreements by the Appellees in this matter?

In the Reply Brief of Appellants, this additional issue is set forth:

Did the trial court properly find that no duty existed except the one imposed by the contract between the parties?

### FACTS

Schuler Construction applied for a loan to fund a construction project. The bank approved the loan of $180,004.75, and, on June 24, 1996, the parties signed loan documents including a Variable Rate Commercial Revolving or Draw Note, Commercial Mortgage, Assignment of Rents and Leases, and Commercial Construction Loan Agreement. The parties agreed orally to a disbursement procedure by which Schuler Construction would present a draw request to the bank twice monthly along with checks payable to those subcontractors and materialmen that were entitled to the money requested. If, after reviewing the request and inspecting the project, the bank approved the request, it would deposit eighty-five percent of the draw request into Schuler Construction's checking account and notify the subcontractors to pick up their checks. Schuler Construction had to have the remaining fifteen percent on deposit.

Pursuant to the oral agreement, Schuler Construction submitted two draw requests on July 31, 1996, which totaled $25,498.07. The bank inspected the project, confirmed that Schuler Construction's fifteen percent was on deposit, and approved the request. On August 6, 1996, the bank deposited $21,673.36 into Schuler Construction's account. The next day, the bank discovered Schuler Construction's account no longer contained sufficient funds to cover the entire draw because checks unrelated to the construction project had cleared the account after the bank verified the amount on deposit. Furthermore, a cashier's check payable to Schuler's wife for $9,506 was issued from the account on August 8, 1996. In response, the bank placed a hold on the account and notified Schuler Construction of the problem. Schuler Construction did not cure the shortage in its account, and the account was subsequently closed.

Schuler and Schuler Construction filed a complaint in the district court on November 17, 1997. They included claims for: (1) interference with contract, (2) bad faith and breach of fiduciary duty, (3) negligence, (4) breach of agreement to provide a line of credit, and (5) interference with future business property. They later withdrew the fifth claim. On November 18, 1998, the district court granted the bank's motion for summary judgment on the remaining claims. The appellants appeal from the grant of summary judgment.

### STANDARD OF REVIEW

■ Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Century Ready–Mix Co. v. Campbell County Sch. Dist.*, 816 P.2d 795, 798 (Wyo. 1991). A material fact is a fact that, if proved, would establish or refute an essential element of a claim or defense asserted by a party. *Century Ready–Mix Co.*, 816 P.2d at 799. When reviewing a grant of summary judgment, this Court will consider the record in the light most favorable to the party op-

posing the motion and give that party the benefit of all the favorable inferences we may fairly draw from the record. *Id.* We will uphold summary judgment if we can do so under any proper legal theory on the record presented. *Id.*

## DISCUSSION

In their first issue, the appellants contend the district court erred in granting summary judgment on their claim for bad faith and breach of fiduciary duty. The district court wrote:

> The court finds no bad faith or breach of a fiduciary duty. The loan agreement, promissory note, and mortgage created only a creditor/debtor relationship. The evidence presented did not present a special relationship and the court could find no evidence that the bank acted in bad faith when it required the 15% equity by the borrower or when it froze the account. When the advances were made to the account and the funds needed to be released, there was not enough funds to cover the checks.

In their brief to this Court, the appellants concede "the facts of the case do not give rise to a finding that any higher duty was owed by the lender under the circumstances." That concession extinguishes their fiduciary duty claim, and only the bad faith portion of this issue remains.

■ The appellants claim the bank acted in bad faith when it required Schuler Construction to deposit fifteen percent of the amounts it wanted to draw and when the bank froze its line of credit without giving reasonable notice or time to cure the default. We disagree. Although the loan documents do not call for Schuler Construction to maintain fifteen percent of the loan request, the parties amended their written agreement by the practices they followed in the loan administration.[1] Evidence of that practice is unchallenged in the record and supported by the appellants' complaint, which described

that procedure. The testimony of both Schuler and a loan officer reflect that procedure, and the draw requests made and signed by Schuler Construction computed the fifteen percent equity requirement before they were submitted to the bank. Therefore, when the account contained insufficient funds to cover the checks uttered, the bank was within its rights to freeze Schuler Construction's line of credit. *Price v. Wells Fargo Bank,* 213 Cal. App.3d 465, 261 Cal.Rptr. 735, 742 (1989) (The implied covenant of good faith and fair dealing "does not impose any affirmative duty of moderation in the enforcement of legal rights."). We affirm summary judgment in favor of the bank on this cause of action.

■ Next, the appellants argue that the district court erred in granting summary judgment on their negligence claim. The district court said:

> Although it is unusual to grant summary judgment on a negligence claim, the issue that determines this claim is the nonexistence of a duty which would subject the defendants to a negligence claim. The view of the court is that there was no duty of the defendants except one imposed by the contractual relationship of the parties.

The appellants do not contend the bank owed them any duty independent of the loan agreement. Instead, they argue, without citing to the record or supporting authority, that the bank owed them the duty of "a reasonably competent banker." They specifically assert that duty "arose in the contractual relationship."

We have held that a contract may create a relationship from which a duty arises. *Brubaker v. Glenrock Lodge Int'l Order of Odd Fellows,* 526 P.2d 52, 59 (Wyo.1974). That is not to say, however, that **every** contract creates such a relationship. The circumstances in *Brubaker* were so exceptional as to warrant a deviation from the general rule that a breach of contract does not lead to tort liability. We declined to extend the reasoning of

---

1. As a general rule, if the parties mutually adopt a mode of performing their contract differing from its strict terms or if they mutually relax the contract's terms by adopting a loose mode of executing them, neither party can go back upon

the past and insist upon a breach because the contract was not fulfilled according to its letter. *Quin Blair Enterprises, Inc. v. Julien Constr. Co.,* 597 P.2d 945, 951 n. 6 (Wyo.1979).

*Brubaker* in *JBC of Wyoming Corp. v. City of Cheyenne,* 843 P.2d 1190 (Wyo.1992). There, we clearly articulated the proposition that "tort liability can only be premised on a duty independent of contractual duties." 843 P.2d at 1197; *see also* Andrea Bloom, Lender Liability: Practice and Prevention § 2.2 (1989 & Supp.1997).

This Court has said: "The existence of duty is a question of law, making an absence of duty the surest route to summary judgment in negligence actions." *Daily v. Bone,* 906 P.2d 1039, 1043 (Wyo.1995). Because the appellants do not allege, and we cannot find, a duty independent of the contractual relationship, we affirm the grant of summary judgment on the negligence claim.

In their final assignment of error, the appellants contend the district court erred when it found the bank had not breached the parties' agreement. In response to the appellants' claim for breach of agreement to provide a line of credit, the court ruled:

> The court finds no breach of the agreement. At argument, the plaintiffs seem to indicate that there could be no breach of agreement on plaintiffs' alleged failure to have 15% equity because no such requirement exists in the loan documents. However, the actions of the parties indicate[ ] at least an oral agreement and activity consistent with that oral agreement. Even in the plaintiffs' complaint it is indicated that this was the arrangement. See paragraph 6 of the complaint. Insufficient funds by the plaintiffs in the account to cover the invoices and use of the funds for other purposes were defaults.

The appellants argue the fifteen percent equity requirement was never part of the loan agreement and, therefore, Schuler Construction's failure to abide by it was not a breach of the agreement and, thus, did not justify the bank freezing its line of credit. We have already determined that Schuler Construction breached its obligation and the bank acted within its rights in response. That determination resolves this issue as well.

The bank owed Schuler Construction no duty other than that imposed by their contractual relationship, and Schuler Construction breached its duty under that relationship. Therefore, the district court properly granted summary judgment. Affirmed.