2012 WY 138

**BIG–D SIGNATURE CORPORATION, a Wyoming Corporation, Appellant (Plaintiff),**

v.

**STERRETT PROPERTIES, LLC, 3 Creek Ranches, LLC, Utah Limited Liability Companies, and Morris R. Sterrett, an individual, Appellees (Defendants).**

Sterrett Properties, LLC, 3 Creek Ranches, LLC, Utah Limited Liability Companies, and Morris R. Sterrett, an individual, Appellants (Defendants),

v.

Big–D Signature Corporation, a Wyoming Corporation, Appellee (Plaintiff).

Nos. S–12–0046, S–12–0047.

Supreme Court of Wyoming.

Oct. 31, 2012.

Representing Big–D Signature Corporation: David F. DeFazio and Sarah E. Tollison of DeFazio Law Office, LLC, Jackson, Wyoming. Argument by Ms. Tollison and Mr. DeFazio.

Representing Sterrett Properties, LLC, 3 Creek Ranches, LLC, and Morris R. Sterrett: Andrea L. Richard of The Richard Law Firm, P.C., Jackson, Wyoming.

Before KITE, C.J., and HILL, VOIGT, BURKE, JJ., and PRICE, D.J.

PRICE, District Judge.

[¶ 1]  This case arises out of a home construction contract between the contractors, Big–D Signature Corporation (Big–D) and two LLCs, Sterrett Properties, LLC and 3 Creek Ranches, LLC (LLCs). Morris Sterrett (Mr. Sterrett) is the owner of the property on which the home was built. Big–D filed suit against the LLCs and Mr. Sterrett, who then counterclaimed. The district court entered a partial summary adjudication which was later partially vacated. Then a

jury trial commenced, but a mistrial was declared. A partial summary judgment order followed. The remaining issues were disposed of by the district court under a *sua sponte* dismissal with prejudice. Both sides appealed. We will affirm in part and reverse and remand in part.

## ISSUES

[¶ 2] In their briefs, the parties present multiple issues for appeal, and there is conflict as to whether some of those issues are properly before this Court. Rather than quote the issues as put forward in the briefs, this Court finds it simpler to restate the issues. There are six separate issues that need to be decided in these appeals.

1. Does this Court have jurisdiction to consider the *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* even though it was not specifically mentioned in the notice of appeal? In other words, is that order subsumed into the final order of the case?

2. Did the district court properly grant summary judgment in favor of Big–D as to the original contract and Prime Contract Change Order (PCCO) Nos. 1 and 2, or was there a genuine issue of material fact making that ruling inappropriate?

3. Was the partial summary judgment entered against Mr. Sterrett as an individual or only against the LLCs?

4. Did the district court properly dismiss Big–D's unjust enrichment claim against Mr. Sterrett? Namely, was there an adequate remedy at law under the contract making the claim inappropriate?

5. Did the district court properly dismiss Big–D's claims under PCCO Nos. 3 and 4? Specifically, were they barred by the contract because they were unsigned?

6. Did the district court properly dismiss the LLCs' and Mr. Sterrett's claim for delay damages? Simply put, were they barred by

the consequential damages waiver in the contract or because contractual requirements were not met in bringing the claim?

## FACTS

[¶ 3] This case arises out of an AIA (American Institute of Architects) contract to build a home on Lot 81,[1] which was entered into by the LLCs and Big–D on October 26, 2005. Mr. Sterrett is the owner of Lot 81. There are a number of contract provisions which are relevant to these appeals: First, the contract specifically allows for escalation costs, but bars consequential damages. Second, it contains an integration clause which states that the contract may be changed only by a modification. A modification is defined as a written agreement signed by both parties or a change order.[2] Finally, the contract contains a provision establishing the process for entering change orders.

[¶ 4] Two PCCOs were signed by both parties: No. 1 on November 7, 2006, and No. 2 on November 8, 2006. PCCO No. 2 contains a new contract value of $1,509,811, which is handwritten and initialed. There were two more PCCOs which were proposed but never signed: No. 3, dated August 13, 2007, and No. 4, dated April 21, 2008. The LLCs have paid $1,194,425.04 to Big–D for the home built on Lot 81.

[¶ 5] This suit was initiated on September 26, 2008, when Big–D filed a complaint alleging breach of contract and unjust enrichment against the LLCs and Mr. Sterrett.[3] Then, on November 3, 2008, the LLCs and Mr. Sterrett filed a counterclaim alleging breach of contract. The district court entered an *Order of Partial Summary Adjudication* on February 17, 2011, in which it made three rulings:

1. The LLCs and Mr. Sterrett are barred from bringing any claim for consequential damages.

---

1. Lot 81 is in the 3 Creek Ranch Subdivision in Teton County, Wyoming.

2. There are other modifications defined which are not relevant to this case.

3. There is also a promissory estoppel claim which is not relevant to these appeals.

2. The LLCs and Mr. Sterrett are barred from bringing claims related to Lots 75 and 85.[4]

3. The final contract amount is $1,509,811.00 pursuant to PCCO No. 2.[5]

[¶ 6] A jury trial commenced on March 14, 2011, and on March 15, 2011, was continued indefinitely in order for counsel to simplify the issues. Because of the long delay before the trial could be recommenced, a mistrial was ordered.

[¶ 7] The district court then entered an *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* on November 23, 2011, in which it made three rulings:

1. There is a valid, express, unambiguous, enforceable contract modified by PCCO Nos. 1 and 2.

2. Total contract price is $1,509,811.00.

3. The remaining issues for trial are Big–D's claims for breach of contract and unjust enrichment related to PCCO Nos. 3 and 4 and the LLCs' and Mr. Sterrett's counterclaims for breach of contract related to delay.

[¶ 8] Finally, the district court entered an *Order of Dismissal with Prejudice* on December 16, 2011, in which it made three rulings:

1. Big–D's breach of contract claim for PCCO Nos. 3 and 4 is dismissed for failing to follow the modification requirements of the contract.

2. Big–D's unjust enrichment claim against Mr. Sterrett is dismissed because there is an adequate remedy at law.

3. The LLCs' and Mr. Sterrett's breach of contract claim is dismissed for failure to meet the requirements of the contract in bringing the claim and as consequential damages, which were waived by the contract.

## STANDARD OF REVIEW

[¶ 9] As there are multiple issues to be decided, there will be multiple standards of review.

[¶ 10] First, the standard of review on summary judgment is well known and has been set out as follows:

We review a summary judgment in the same light as the district court, using the same materials and following the same standards. [*Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo.1999)]; *40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo. 1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id.* If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo.1999) [(*overruled in part on other grounds by Borns v. Voss*, 2003 WY 74, ¶ 17, 70 P.3d 262, 268–69 (Wyo.2003))]; *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 519 (Wyo. 1994). We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Roberts v. Klinkosh*, 986 P.2d at 156; *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo.1997).

*Lindsey v. Harriet*, 2011 WY 80, ¶ 18, 255 P.3d 873, 880 (Wyo.2011).

*Wallace v. Pinnacle Bank–Wyo.*, 2012 WY 64, ¶ 11, 275 P.3d 1250, 1253–54 (Wyo.2012).

[¶ 11] Second, the standard of review on *sua sponte* dismissals of claims and counterclaims has been stated as follows:

Review of the dismissal of a counterclaim is *de novo*. "This Court evaluates the propriety of a dismissal by employing the same standards and by examining the same material as the district court, without a presumption of correctness to the conclusions reached below." *Askvig v. Wells*

---

4. There were separate contracts for the homes built on these lots.

5. This part of the ruling was later set aside.

*Fargo Bank Wyo., N.A.,* 2005 WY 138, ¶ 11, 121 P.3d 783, 787 (Wyo.2005) (internal citation omitted). We have addressed the standard of review regarding *sua sponte* dismissals:

> Sua sponte motions to dismiss a complaint are recognized in Wyoming and upheld when the proper procedure is followed. *Osborn v. Emporium Videos,* 848 P.2d 237, 241–42 (Wyo.1993). According to our standard of review, we will sustain a dismissal of a [counterclaim] by a trial court only if it shows on its face that the [counterclaimant] was not entitled to relief under any set of facts. In considering such a motion, the "facts alleged in the [counterclaim] are admitted and the allegations must be viewed in the light most favorable to [counterclaimant]." Dismissal is a drastic remedy and is sparingly granted. *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251, 254–255 (Wyo. 1992); *Matter of Paternity of JRW,* 814 P.2d 1256, 1259 (Wyo.1991) (quoting *Mostert v. CBL & Associates,* 741 P.2d 1090, 1092 (Wyo.1987) (citations omitted)).

*Jackson v. Jackson,* 961 P.2d 393, 395 (Wyo.1998).

*Jenkins v. Miller,* 2008 WY 45, ¶ 20, 180 P.3d 925, 932 (Wyo.2008).

## DISCUSSION

### 1. Jurisdiction over the partial summary judgment order

[¶ 12] Big–D spent much of its time, both in its briefs and at oral argument, claiming that the *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* is not properly before this Court because it was not identified in the notice of appeal or attached as an appendix as required by W.R.A.P. 2.07. The LLCs and Mr. Sterrett filed a *Motion to Amend Notice of Appeal* on September 17, 2012, to cure this. A response in opposition to the motion was filed on October 5, 2012. This Court finds that it has jurisdiction to consider the partial summary judgment order as part of these appeals. Therefore, the motion to amend is moot, and this Court will

not make any comments or rulings as to that motion.

[¶ 13] The relevant portion of the rule is as follows:

> **2.07. Notice of appeal; contents.**
>
> (a) The notice of appeal shall:
>
> . . . .
>
> (2) Identify the judgment or appealable order, or designated portion appealed; and
>
> . . . .
>
> (b) In a civil case, the notice of appeal shall have as an appendix:
>
> . . . .
>
> (2) All orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party[.]

W.R.A.P. Rule 2.07.

[¶ 14] Big–D also cites to the recently decided *Evans* case as authority for dismissing this part of the appeal for lack of jurisdiction. That case held, "[T]he notice of appeal only perfects an appeal of the order(s) identified in the notice." *Evans v. Moyer,* 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012). The *Evans* case cites two other cases: *Painovich v. Painovich,* 2009 WY 116, ¶ 11, 216 P.3d 501, 504 (Wyo.2009) and *Nish v. Schaefer,* 2006 WY 85, ¶ 23, 138 P.3d 1134, 1143 (Wyo.2006). *Evans,* 2012 WY 111, ¶ 18, 282 P.3d at 1209. This Court finds that all three of these cases are distinguishable from the case at bar.

[¶ 15] In *Evans,* the appellant filed the appeal on July 18, 2011, appealing orders that were entered in April and June of that same year. *Id.* at ¶ 17, 282 P.3d at 1209. The district court entered another order on October 7, 2011, and the appellant did not amend the notice of appeal to include this later order. *Id.* at ¶ 18, 282 P.3d at 1209. This Court ruled that the order of October 7, 2011, that came *after* the notice of appeal, was not properly before it. *Id.*

[¶ 16] In *Painovich,* the district court denied a motion to vacate judgment pursuant to W.R.C.P. 60 and then later also denied another motion for relief filed by the same

party under the same rule. 2009 WY 116, ¶¶ 10–11, 216 P.3d at 504. When the appellant filed his notice of appeal, only the first order was included. *Id.* This Court ruled that claims and arguments related to the *later* order could not be considered in the appeal as W.R.A.P. 2.07 had not properly been followed. *Id.*

[¶ 17] In *Nish,* a judgment on a jury verdict was entered by the district court. 2006 WY 85, ¶ 22, 138 P.3d at 1142. Appellant filed a notice of appeal from that judgment. *Id. Later* the district court entered an order awarding all specific costs requested by the other party. *Id.* Appellant filed a notice of appeal challenging that decision. That appeal was dismissed after the appellant failed to submit a brief. *Id.* Appellant then included the costs issue from the second appeal in his brief on the first appeal. *Id.* This Court ruled that the costs issue could not be raised in the first appeal. *Id.* at ¶ 24, 138 P.3d at 1143.

[¶ 18] The law, as put forward in these three cases, is that when an order comes after the final order, it must be included in the notice of appeal and attached as an appendix in order for it to be properly before this Court. That is, however, not the situation in the case at bar. In this case, the *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* came well before the *Order of Dismissal with Prejudice,* which is the final order that was in the notice of appeal. This Court has previously considered this situation and found that orders entered prior to the final judgment order are subsumed and do not need to separately be appealed from the final order.

An appealable order is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." W.R.A.P. 1.05(a). Generally, interlocutory orders merge into the final order. *See State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813, 820 (Wyo.1994). "[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal

from a final judgment supports review of all earlier interlocutory orders." 16A Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 3d § 3949.4, at 72 (1999).

*Kruckenberg v. Ding Masters, Inc.,* 2008 WY 40, ¶ 11, 180 P.3d 895, 899 (Wyo.2008). *See also Aviat Aircraft, Inc. v. Saurenman,* 2009 WY 98, ¶ 1, 213 P.3d 956, 957 (Wyo.2009) ("[Appellant] actually appealed from a decision of the district court that was made independent of, but which was subsumed into, the above identified 'Judgment.'"); *GGV v. JLR,* 2005 WY 14, ¶ 15, 105 P.3d 474, 480 (Wyo.2005) ("[E]arlier orders of the district court were subsumed into the current orders issued on the same subject."); *Seid v. Seid,* 2001 WY 137, ¶ 19, 36 P.3d 1167, 1177 (Wyo.2001) ("[W]e conclude that the order was also subsumed into the district court's final order of October 6, 2000, and thus the appeal was timely.").

[¶ 19] This Court finds that the *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* issued by the district court is subsumed into the final *Order of Dismissal with Prejudice.* Therefore, the partial summary judgment order is properly on appeal, and this Court has jurisdiction to consider it.

**2. Summary judgment as to the original contract and PCCO Nos. 1 and 2**

[¶ 20] The district court found that there was no genuine issue of material fact as to the original contract and PCCO Nos. 1 and 2. It, therefore, granted summary judgment in favor of Big–D on those contract issues. This Court has reviewed all of the facts in the light most favorable to the party opposing the motion and finds that the district court ruled correctly.

[¶ 21] The LLCs and Big–D entered into a valid contract which contained a provision for change orders to be entered. Both PCCO Nos. 1 and 2 were signed by the LLCs and Big–D. It is apparent that the contract amount on PCCO No. 2 was agreed to as it was written in and then initialed. Mr. Walker, agent for the LLCs, testified in

his deposition that the revised contract amount is $1,509,811 as it appears in PCCO No. 2. He was asked why he signed PCCO No. 2, and he said, "because it's accurate." This Court is satisfied that Big–D has established all of the essential elements of its contract claims against the LLCs as relates to the original contract and PCCO Nos. 1 and 2. This then shifts the burden to the LLCs to demonstrate that there is a genuine issue of material fact.

[¶ 22] The LLCs' contention, in their brief in opposition to the motion for partial summary judgment, can be summarized in one argument—that Mr. Walker signed PCCO Nos. 1 and 2 with the understanding that further change orders would occur that would bring the price down. Then on appeal to this Court, the LLCs argue that the partial summary judgment cannot stand because the original contract was modified by the conduct of the parties. This Court will consider each of these contentions in turn.

[¶ 23] First, the LLCs argue that the PCCOs were signed with the understanding that future change orders would follow. Mr. Walker testified in his deposition that:

This—this change order here, which brings it to 1509, has a bunch of approved change orders in it, but it doesn't have all the approved change orders. And here's the issue: There was [sic] a significant amount of change orders that were price deducts, value engineering things that we changed in order to save money.

And we have pending change orders here. There was [sic] huge credits. And I wanted to get the credits—because this is an inaccurate number because the credits aren't there. I wanted to get the credits in there so we can get to the actual contract number. They would never give me the credits without giving me the extension along with it in the same change order. And I always said, that's not fair. The credits are agreed to already.

His deposition testimony is contradictory. At one point, he said the total in PCCO No. 2 is accurate and at another time said it was inaccurate. However, the important point to this Court is that when he testified the number was inaccurate, it was because owed

credits would be included in future change orders. That leads this Court to believe that the figure in PCCO No. 2 is accurate as far as what was agreed at that time. Mr. Walker signed the change order and initialed the handwritten figure. Therefore, it is not a genuine issue of material fact as to the amount at that time. Any credits that were to be applied in future PCCOs were a separate issue that related to PCCO Nos. 3 and 4, which were not decided in the summary judgment order. It is also important to note that the LLCs do not argue or claim that there was any fraud involved in signing PCCO No. 2.

[¶ 24] Second, the LLCs argue that the contract was modified through mutual conduct. They believe it was modified in five ways:

1. Building permits were not obtained in two weeks.

2. All construction was not finished by August 2006.

3. The guaranteed maximum price was exceeded.

4. Big–D's obligation to credit the LLCs.

5. Big–D's promise to credit the LLCs for overpayment on the Lot 85 home.

This Court does not find that any of these create a genuine issue of material fact as to the contract or PCCO Nos. 1 and 2. The first three alleged modifications are all facts of which all parties were aware when PCCO Nos. 1 and 2 were signed and, therefore, have been taken care of through those change orders. The fourth alleged modification has already been discussed as being part of PCCO Nos. 3 and 4. Finally, the fifth alleged modification is not relevant to this case as the contract for the home on Lot 85 is a separate issue that is part of another suit.

[¶ 25] This Court concludes that the district court properly entered its order of partial summary judgment in favor of Big–D against the LLCs on the original contract and PCCO Nos. 1 and 2 as there is no genuine issue of material fact.

### 3. Judgment against Mr. Sterrett

[¶ 26] The district court's ruling on this issue is confusing. Big–D's motion for summary judgment requests judgment against the LLCs on the original contract and PCCO Nos. 1 and 2, and against Mr. Sterrett on the unjust enrichment claim. The district court's *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* says, "[Big–D's] Motion for Partial Summary Judgment is granted[.]" Later the same order says, "[The LLCs and Mr. Sterrett] owe [Big–D] the outstanding balance on the Prime Contract and Prime Contract Change Order Nos. 1 and 2." Finally, in the section on the remaining issues for trial, the order says, "[Big–D's] claims for breach of contract and unjust enrichment related to Prime Contract Change Orders Nos. 3 and 4[.]" It appears that the district court granted summary judgment on the unjust enrichment claim as to the original contract and PCCO Nos. 1 and 2. However, the district court's *Order of Dismissal with Prejudice* says that Big–D's unjust enrichment claims still remained after the partial summary judgment order and it then goes on to dismiss the unjust enrichment claims. This leads this Court to find that even though the partial summary judgment order appears to grant the unjust enrichment claim as to the original contract and PCCO Nos. 1 and 2, it does not.

[¶ 27] This leaves the question as to whether Mr. Sterrett is individually liable for the amount granted in the partial summary judgment. This Court finds that he is. This topic was extensively covered in oral argument and counsel for Mr. Sterrett made several comments that are important:

> COUNSEL: He [Mr. Sterrett] filed an affidavit, and he said when there were representatives managing these projects for Sterrett Properties and 3 Creek Ranches, "They acted on my behalf." So he's bound, and that's in the record at 927–930. So this isn't an instance where we have somebody whose, um, you know, there's gonna be a judgment and they're not gonna be responsible. There's already a document of record in which he says, "This is, these are my projects. This is

> gonna be my responsibility." So even though they're contracted in an LLC, he signed an affidavit that says, "These are my projects."

> . . . .

> ... The only thing we do have in the record is Mr. Sterrett saying, "These are my entities."

> . . . .

> JUSTICE BURKE: That's only true if that contract binds Mr. Sterrett individually, and you're conceding that it does?

> COUNSEL: Well that affidavit, I think they would have a pretty good argument that his actions, through those representatives, through the LLCs, arguably binds him. They might be able to argue that, that's not resolved.

> JUSTICE BURKE: Are you conceding it?

> COUNSEL: You know, I suppose, yes.

[¶ 28] Although counsel for Mr. Sterrett indicated that the affidavit of Mr. Sterrett is in the record, it is not. The document to which counsel refers is the *Defendants' Motion to Quash and Excuse Party*. That document does refer to an affidavit of Mr. Sterrett, but the affidavit is not attached. Therefore, this Court is unaware of exactly what the affidavit says. However, counsel describes the affidavit in enough detail that this Court will find that Mr. Sterrett is bound individually by the contract. This is in fact what counsel for Mr. Sterrett unequivocally concedes.

[¶ 29] This finding is supported by precedent as illustrated by the following case:

> A judicial admission is an express waiver made in court by a party or his attorney conceding the truth of an alleged fact. *Kohne v. Yost*, 250 Mont. 109, 818 P.2d 360, 362 (1991). Under the right circumstances, an admission made by an attorney can be binding upon his client and constitute the basis for a verdict. *Childs v. Franco*, 563 F.Supp. 290, 292 (E.D.Pa. 1983); *Larson v. A.T.S.I.*, 859 P.2d 273, 275 (Colo.Ct.App.1993); *see also World Mart, Inc. v. Ditsch*, 855 P.2d 1228, 1237 (Wyo.1993). Such an admission can be

made in closing argument. *Childs,* 563 F.Supp. at 292; *World Mart, Inc.,* 855 P.2d at 1237; *Kohne,* 818 P.2d at 362.

In order to be considered an admission, the attorney's statement must be unequivocal. *Childs,* 563 F.Supp. at 292; *Baxter v. Gannaway,* 113 N.M. 45, 822 P.2d 1128, 1133 (Ct.App.), *cert. denied,* 113 N.M. 16, 820 P.2d 1330 (1991). An admission is a declaration relating to factual matters; a statement of personal opinion is not an admission. *Baxter,* 822 P.2d at 1133; *Larson,* 859 P.2d at 276. In determining whether a statement made by counsel is an admission, we must consider the circumstances of the case and the context of the statements. *Baxter,* 822 P.2d at 1133; *Kohne,* 818 P.2d at 362. If ambiguity or doubt exists as to whether or not the attorney's statement was an admission, we presume that the attorney did not intend to make a judicial admission during his argument. *Baxter,* 822 P.2d at 1133.

*Francis v. Pountney,* 972 P.2d 143, 147 (Wyo.1999).

[¶ 30] For these reasons, this Court concludes that the partial summary judgment should be entered by the district court against both the LLCs and Mr. Sterrett, making Mr. Sterrett personally liable for the amount of the original contract, plus PCCO Nos. 1 and 2, including the interest on those amounts. Upon remand, the order shall be modified to clearly reflect that the judgment is against the LLCs and Mr. Sterrett.

**4.  Unjust enrichment claims**

[¶ 31] Because this Court has found that Mr. Sterrett is individually liable under the contract and the PCCOs, the unjust enrichment claims put forward by Big–D are determined above and need not be discussed further.

**5.  Dismissal of claim related to PCCO Nos. 3 and 4**

[¶ 32] The district court dismissed Big–D's contract claims related to PCCO Nos. 3 and 4 because it found that the contract only allowed for modification through the written modification process. The district court found that since PCCO Nos. 3 and 4 were not signed by both parties, the modification process was not followed, and they therefore were not valid modifications to the contract. This Court finds that this issue should be remanded to the district court.

[¶ 33] Big–D argues that PCCO Nos. 3 and 4 were agreed to both verbally and through e-mail by the LLCs, but they then refused to sign them. Furthermore, they claim that the contract was modified by the mutual conduct of the parties. The first thing this Court must discuss is whether a contract with an integration clause such as the one involved in this case can be modified through oral agreement or by mutual conduct of the parties.

> The rule followed by the courts generally, with some authority to the contrary, is that unless a contract is required by law to be in writing, the contract can be modified orally, even though it provides that it can be modified only in writing.

17A Am. Jur. 2d *Contracts* § 514 (2004). Wyoming follows the general rule as evidenced by the following case:

> There are two illustrative Wyoming cases dealing with mutual agreements to vary the terms of a written contract. Both rely on the concept that:
>
> > As a general rule, if the parties mutually adopt a mode of performing their contract differing from its strict terms or if they mutually relax its terms by adopting a loose mode of executing it, neither party can go back upon the past and insist upon a breach, because it was not fulfilled according to its letter.

*Quin Blair Enterprises, Inc. v. Julien Construction Co.,* 597 P.2d 945, 951 n. 6 (Wyo.1979) (emphasis removed); *Schuler v. Community First Nat'l Bank,* 999 P.2d 1303, 1305 n. 1 (Wyo.2000). Applying this general rule, however, the cases reached different results. In the first, "there was never any *mutual* agreement" to change the contract, only "unilateral disregard" of certain contract terms. *Quin Blair,* 597 P.2d at 951 (emphasis in original). We therefore enforced the contract as written. In the second, there was unchallenged evidence that the parties had made an oral

agreement to change the contract terms, and they had taken actions consistent with the altered terms. *Schuler*, 999 P.2d at 1305. We therefore affirmed the trial court's summary judgment enforcing the terms of the new oral agreement.

*PBS Enterprizes, Inc. v. CWCapital Asset Mgmt., LLC*, 2008 WY 53, ¶ 9, 183 P.3d 1140, 1142–43 (Wyo.2008). Accordingly, in order for a written contract to be modified without another writing, two elements must be met: First, there must be evidence that the parties orally modified the contract terms, and second, the parties have taken actions consistent with the new terms.

[¶ 34] This claim was dismissed by the district court *sua sponte*, which means that if there are any facts under which Big–D could get relief, then the ruling should be reversed. This Court finds that there are facts under which Big–D could get relief. Therefore, the ruling of the district court will be reversed. On remand, Big–D will have the burden of proving that there was a mutual oral agreement as to the terms in PCCO Nos. 3 and 4, and that both sides had taken action consistent with that agreement.

[¶ 35] There is one more issue that must be discussed in conjunction with PCCO Nos. 3 and 4. That is the issue of escalation costs and consequential damages. Big–D classifies much of what is included in these change orders as escalation costs, which are permitted under the contract. On the other hand, the LLCs and Mr. Sterrett classify those same costs as consequential damages which are barred by the contract. This Court declines to go through PCCO Nos. 3 and 4 item by item to determine which are escalation costs and which are consequential damages. That will be a task for the district court on remand.

[¶ 36] Finally, this Court also notes that the previous holding of this opinion that Mr. Sterrett is individually liable for the original contract and PCCO Nos. 1 and 2 will also apply to PCCO Nos. 3 and 4. Therefore, any liability found on remand against the LLCs will also be against Mr. Sterrett as an individual.

## 6. Dismissal of claim for damages caused by delay

[¶ 37] The district court dismissed the LLCs' and Mr. Sterrett's claims for damages caused by delay for two reasons: First, it found the claim barred because they failed to meet the contractual requirements for bringing the claim. Second, it found the claim barred because of the contractual waiver of consequential damages. This Court finds this claim was properly dismissed.

[¶ 38] This Court will first discuss whether the claim is barred by the contractual waiver of consequential damages. The contract sets forth the waiver as follows:

§ 4.3.10 Claims for Consequential Damages. The Contractor and Owner waive Claims against each other for consequential damages arising out of or relating to this Contract. This mutual waiver includes:

.1 damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons[.]

The damages claimed by the LLCs and Mr. Sterrett are set out in their counterclaim. They claim that delay by Big–D caused the following:

[T]he Sterrett Defendants have been unable to sell the projects as anticipated and missed the opportunity to sell the projects when the market was appropriate[.]

These damages, as set out by the LLCs and Mr. Sterrett, fall under the waiver as loss of income and/or profit. Therefore, the claim is barred by the contract. This Court finds that there is no set of facts under which the LLCs and Mr. Sterrett can obtain relief; therefore, the district court's *sua sponte* dismissal of this claim was appropriate.

[¶ 39] Since the claim is barred by the contract, there is no reason for this Court to determine if the claim was properly brought under the contract.

## CONCLUSION

[¶ 40] We find that the *Order Granting Plaintiff's Motion for Partial Summary*

*Judgment and Order on Issues Remaining for Trial* entered by the district court is properly before this Court because it was subsumed into the final *Order of Dismissal with Prejudice.* We also find that there are no genuine issues of material fact as to the original contract and PCCO Nos. 1 and 2. The *Order Granting Plaintiff's Motion for Partial Summary Judgment and Order on Issues Remaining for Trial* entered by the district court is affirmed as to that issue. Furthermore, this Court finds that Mr. Sterrett is individually liable under the contract and the PCCOs because his counsel conceded the point after referring to his affidavit in which he admitted it was his project.

[¶ 41] Next, we find that there are facts under which Big–D could obtain relief under PCCO Nos. 3 and 4. On this issue, the district court's *Order of Dismissal with Prejudice* is reversed and the case is remanded. On remand, Big–D will have the burden of proving that there was an oral agreement as to PCCO Nos. 3 and 4, and that both parties took action consistent with the oral agreement. As to the contention of the LLCs and Mr. Sterrett that some of the items in PCCO Nos. 3 and 4 were consequential damages barred by the contract and not escalation costs, this Court will also remand that issue to the district court.

[¶ 42] Finally, we find that the damages claims of the LLCs and Mr. Sterrett are barred by the contract's waiver of consequential damages. The district court's *Order of Dismissal with Prejudice* is affirmed on this issue.

[¶ 43] In conclusion, the rulings of the district court are affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.