2017 WY 151

**Kimberly A. ACTON, Appellant (Plaintiff),**

v.

**Kurt W. ACTON, Appellee (Defendant).**

S-17-0102

Supreme Court of Wyoming.

December 19, 2017

Representing Appellant: Alex H. Sitz III of Meinecke & Sitz, LLC, Cody, WY

Representing Appellee: Christopher J. King of Greear Clark King, P.C., Worland, WY

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

HILL, Justice.

[¶1] Appellant, Kimberly A. Acton (Wife), argues that the district court erred when it required her to return certain personal property to Appellee, Kurt A. Acton (Husband). By allowing Husband to recover property after the divorce decree's 90-day deadline, Wife argues that the district court improperly modified a property settlement without the required written agreement. We will affirm.

## ISSUE

[¶2] Did the district court have authority to modify the parties' Decree of Divorce?

## FACTS

[¶3] Husband and Wife divorced in October of 2014. Their divorce decree incorporated a settlement. The settlement agreement provided: "[n]o modification or waiver of any of the terms of the Agreement shall be valid unless in writing[.]" As part of the agreement, the settlement awarded Wife possession of the marital home. However, also as part of the agreement, Husband retained certain personal property located within the home but per the agreement, must have retrieved the property within 90 days, or forfeit it to Wife. At least some of the personal property awarded to Husband was not retrieved within the 90-day window.

[¶4] This matter began in June of 2016, when Husband filed a motion for order to show cause why Wife should not be held in contempt of court for refusing to allow Husband to retrieve the aforementioned personal property. Wife answered and retorted that Husband should be held in contempt for, among other things, not paying alimony.

[¶5] A hearing was held on Husband's motion, whereafter the district court entered an order in February of 2017. The court found neither party to have willfully violated the divorce decree, and also found that "although the parties did not enter a written agreement to extend the 90-day period required of [Husband] to retrieve the personal property as set forth in their divorce agreement, ... [Wife] did extend that 90 day period several times." The judge ordered Wife to turn over all personal property belonging to Husband.

[¶6] Wife filed a timely appeal.

## STANDARD OF REVIEW

[¶7] The district court's ruling resulted from an evidentiary hearing before the court, and we therefore review the court's findings of fact for clear error and its conclusions of law de novo. *Moore v. Wolititch*, 2015 WY 11, ¶ 9, 341 P.3d 421, 423 (Wyo. 2015) (quoting *Clark v. Ryan Park Prop. & Homeowners Ass'n*, 2014 WY 169, ¶ 6, 340 P.3d 288, 289 (Wyo. 2014)). We have explained:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Moore*, ¶ 9, 341 P.3d at 423 (quoting *Miner v. Jesse & Grace, LLC*, 2014 WY 17, ¶ 17, 317 P.3d 1124, 1131 (Wyo. 2014)).

> In reviewing the district court's findings for clear error, "we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it." *Moore*, ¶ 10, 341 P.3d at 423 (quoting *Miner*, ¶ 17, 317 P.3d at 1131).

*Samiec v. Hopkins*, 2015 WY 131, ¶¶ 13-14, 358 P.3d 506, 510 (Wyo. 2015).

## DISCUSSION

[¶8] Wife argues on appeal that the district court improperly modified a property settlement, in opposition to the settlement itself, which declared "[n]o modification or waiver of any terms of this Agreement shall be valid unless in writing[.]" We disagree with Wife that the district court modified the parties' settlement agreement, and agree with the district court's holding that it was,

in fact, the parties themselves that modified the agreement.

[¶9] We have recognized the "established principle that the parties to a divorce may not modify a divorce decree without submitting those modifications to the district court for its consideration and approval." *Richardson v. Richardson*, 868 P.2d 259, 262 (Wyo. 1994) (citing *McKenzie v. Shepard*, 814 P.2d 701, 702 (Wyo. 1991)). Usually, the manner in which a decree is modified is by petition to the court by either party to the decree. *Samiec*, ¶ 17, 358 P.3d at 511; *see* Wyo. Stat. Ann. § 20-2-116 (LexisNexis 2017) (district court authority to modify decree's allowance for a party or children on petition of either party). However, this Court has long recognized that even a contract with an integration clause, for instance a divorce agreement, may be modified through oral agreement or by mutual conduct of the parties if certain conditions are met. *See Big-D Signature Corp. v. Sterrett Props., LLC*, 2012 WY 138, ¶ 33, 288 P.3d 72, 80. The conditions that must be met to orally modify an integrated agreement are: "First, there must be evidence that the parties orally modified the contract terms, and second, the parties have taken actions consistent with the new terms." *Big-D*, ¶ 33, 288 P.3d at 81.

[¶10] In this case, the district court was not clearly erroneous in finding that such an oral modification occurred, and the parties acted upon their verbal agreements. To that end, the district court weighed testimony at its hearing to determine as much—that the parties orally extended the 90-day period "several times." The record in this case supports the district court's decision, and the supporting testimony is cited below:

So the agreement was that I would just leave it there until the house sold. Once the house sold, I would acquire my stuff.

Q. When you say the agreement, who was the agreement with?

A. Me and Kim.

Q. Did you put it in writing anywhere?

A. No, sir.

Q. But you had conversations with her about your ability to go ahead and store property there?

A. Correct.

. . .

Q. So when did you become aware that she was not intending to turn over any of the property?

A. Well, there became a time in, I guess, it would have been July of 2015. I had a week off of work, and I had phoned her and said, I have the whole week off. I am going to come get my stuff; and her reply was, no, let's just hold off on that, and goofball me said, yeah, okay.

Q. So July of 2015 you had this conversation, you asked to come pick up your stuff; would that be right?

A. Correct.

Q. At that point in time, did she tell you that she wasn't going to give any of it back?

A. No. She just replied that we should hold off on that or wait. Like I can't remember exactly how it was answered, but it was in a sense just wait, let's wait on that.

Q. At that point in time the house still had not sold yet, right?

A. Right.

. . .

Q. And today, you have the Geo Metro, your clothes and the trailer and, I guess, a bed. At any point in time prior to the expiration of the 90 days after the decree was signed, did the plaintiff call you and say, hey, you need to come and get your property?

A. No.

Q. Because you were operating under an agreement that you could store it there, right?

A. Correct.

. . .

Q. At that point Mr. Sitz moved on with another question, but I want to follow up. What situations were you referring to as to not being able to get some of the property?

A. Well, the agreement that it would stay at the property until the house sold because of the cost of the storage unit, it was going to be 80 to 120 bucks, whatever it might be, whatever size you needed, I guess. But that it would stay there until the house sold and then at that time I would remove it and get it.

Q. You had discussed that at least for a good part of the time period after the

divorce you seemed to still be on amicable terms with Ms. Acton? .

A. Correct.

[¶11] Here, the district court did not modify the parties' agreement. Rather, the parties did so on their own, and the district court approved the modification.[1]

**CONCLUSION**

[¶12] The district court is affirmed.

---

1. In *Meiners v. Meiners*, 2016 WY 74, ¶ 24, 376 P.3d 493, 498 (Wyo. 2016), we held that a settlement agreement is "presumed to merge into the divorce decree and will no longer be in effect." The parties would more correctly have framed this as a modification of the decree than of the divorce, but the result is the same.