2007 WY 181

Lester E. CASE, Appellant (Plaintiff),

v.

**OUTBACK PIPE HAULERS,**
Appellee (Defendant).

No. 06–206.

Supreme Court of Wyoming.

Nov. 14, 2007.

Representing Appellant: Nicholas H. Carter of Carter Law Office, P.C., Gillette, Wyoming; Jeremy D. Michaels of Michaels & Michaels, Gillette, Wyoming.

Representing Appellee: John A. Coppede and Richard D. Bush of Hickey & Evans, LLP, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

KITE, Justice.

[¶1]   Outback Pipe Haulers (Outback) delivered a load of well casing to a methane drilling site where Lester Case was working. As the workers were unloading the casing, the load shifted and the casing unexpectedly rolled off the trailer, striking Mr. Case and causing serious injuries to his legs.

[¶2]   Mr. Case sued Outback for negligence. At trial, Mr. Case sought to amend his complaint to name Brad Coltrane, Outback's owner, as a defendant. The trial court allowed the amendment and continued the trial to give Outback time to prepare to defend the claim against Mr. Coltrane. When the trial resumed, Outback presented

a new expert witness to show Mr. Coltrane was not negligent. Mr. Case sought to introduce a rebuttal witness to challenge the expert's testimony. The district court disallowed the rebuttal evidence. Mr. Case contends on appeal to this Court that the district court erred in excluding the rebuttal witness. Because Mr. Case did not object to the district court's ruling and our review is limited to determining whether plain error occurred, we affirm.

## ISSUE

[¶3]   The following issue is determinative of Mr. Case's appeal:

Did plain error occur when the district court precluded Mr. Case from calling a rebuttal witness after allowing Outback time to prepare and present additional evidence in response to the amended complaint?

## FACTS

[¶4]   On December 18, 2001, Mr. Case was working for Nucor Drilling as a driller on a methane rig. That morning, Outback, a sole proprietorship hired by Nucor to deliver well casing to the rig, delivered a load of fifteen joints of casing to the drilling site. Brad Coltrane, the sole proprietor of Outback, positioned the trailer slightly uphill from the drilling rig. Mr. Coltrane, his employee Daryl Robison, Mr. Case and his sons, Randy and Kevin Case, began unloading the casing.

[¶5]   The men dropped the first joint off the trailer. It rolled down the hill, coming to rest near the drilling rig. Mr. Coltrane and Mr. Robison secured the remaining load on the trailer with stake pins[1] and, along with Mr. Case and his sons, went down to the rig and moved the joint to a more appropriate spot. Mr. Coltrane and Mr. Robison then released another joint, which also came to rest near the drilling rig. As before, they secured the load and the men repositioned the second joint. They unloaded a third joint, which followed the same path as the

1.  Stake pins are large metal stakes that are placed in slots on the trailer to prevent the cas-   ing from falling off the trailer. ·

previous joints. Before Mr. Coltrane and Mr. Robison could secure the remaining casing on the trailer, however, the entire load shifted and the casing rolled off the trailer. Mr. Case was already on his way down to reposition the joint and was hit by the load as it rolled down to the platform. He sustained serious injuries to both legs.

[¶ 6] Mr. Case filed a negligence action against Outback under various employer/employee theories of liability. At trial, after Outback had rested its case, Mr. Case moved to amend the pleadings to conform to the evidence as provided by W.R.C.P. 15(b).[2] Specifically, in conformity with the evidence presented at trial he sought to add a separate negligence claim against Mr. Coltrane as sole proprietor of Outback. Over Outback's objection, the district court granted the motion to amend. However, in order to avoid potential prejudice to Outback, the district court continued the trial for two weeks to allow Outback time to identify and present additional evidence in defense of the claim. The district court advised the parties that, in accordance with its reading of W.R.C.P. 15(b), only Outback would be permitted to put on additional evidence when the trial reconvened. Mr. Case did not object to this procedure.[3]

[¶ 7] When the trial reconvened, the district court learned that Mr. Case had subpoenaed Mr. Robison, now a former employee of Outback, to testify as a rebuttal witness. The court reminded Mr. Case of its earlier ruling, prohibited him from calling Mr. Robison and released Mr. Robison from the subpoena. Mr. Case did not object.

[¶ 8] Outback then called its new expert witness, Dr. Richard Baratta, who testified, based on his reconstruction of the accident, that Mr. Coltrane could not have prevented the remaining well casing from falling off the trailer. With his testimony, Dr. Baratta showed the jury a computer animation which depicted no more than five seconds elapsing between the time the third joint was released and the remaining casing fell. During cross-examination, Dr. Baratta testified that he discounted Mr. Robison's deposition testimony estimating the time lapse to be approximately one to two minutes.

[¶ 9] Based on the court's prior ruling, Mr. Case did not call Mr. Robison to rebut Dr. Baratta's testimony. Dr. Baratta was the final witness in the case. The jury returned a verdict finding that Mr. Case did not meet his burden of proving that Outback was negligent and that its negligence proximately caused his injuries.

### DISCUSSION

[¶ 10] Mr. Case challenges the district court's refusal to allow Mr. Robison's rebuttal testimony. He asserts that the district court's ruling constituted an abuse of discretion. Because Mr. Case did not object to the district court's ruling, however, our review is not for abuse of discretion but is limited instead to determining whether plain error occurred. W.R.A.P. 9.05. Plain error exists if the error: 1) clearly appears in the record; 2) transgressed a clear and unequivocal rule of law; and, 3) resulted in material prejudice to a substantial right. *Landsiedel v. Buffalo Properties, LLC,* 2005 WY 61, ¶ 17,

---

**2.** Rule 15(b) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will

be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**3.** Given Mr. Case's failure to object, the issue of whether the district court's interpretation of Rule 15(b) was reasonable is not before us. However, we note nothing in the language of Rule 15(b) prohibits the amending party from presenting evidence to rebut evidence presented by the objecting party after a continuance is granted under the rule.

112 P.3d 610, 615 (Wyo.2005). The burden of establishing plain error is on the party alleging error.

[¶ 11] The Wyoming Rules of Evidence vest considerable discretion in the district courts to determine whether to allow the presentation of particular evidence. *McCabe v. R.A. Manning Constr. Co., Inc.,* 674 P.2d 699, 712 (Wyo.1983). W.R.E. 611 provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." We have said that such discretion is necessary to an efficient and orderly trial process. *Id.* at 712.

[¶ 12] In *Hall v. Hall,* 708 P.2d 416, 422 (Wyo.1985), a custody proceeding, the district court ruled in the middle of trial that the mother would be allowed to present only one rebuttal witness. She objected but the court adhered to its ruling. On appeal, we held the court erred in limiting the mother to one rebuttal witness, but that the error was harmless because she failed to show the district court what her other rebuttal witness would have said in rebuttal that he had not said previously.

[¶ 13] Similarly, in *Stauffer Chemical Co. v. Curry,* 778 P.2d 1083 (Wyo.1989), we found no abuse of discretion by the district court in precluding certain testimony. We said, "The rulings of trial courts on these matters are given considerable deference and will not be reversed as long as some legitimate basis for the ruling is found." *Id.* at 1101. Particularly when, as in *Stauffer,* the party seeking to present the testimony did not offer an adequate foundation establishing the need for the evidence, we have not found error in the exclusion of the evidence.

[¶ 14] Here, Mr. Case did not object to the ruling precluding him from calling Mr. Robison to testify as a rebuttal witness. He also did not ask to make a formal offer of proof showing why Mr. Robison's testimony was important, why he was not called to testify in plaintiff's case-in-chief or why the use of his deposition testimony in cross-examining Dr. Baratta was not sufficient. Given the district court's broad discretion in deciding whether to allow evidence, Mr. Case cannot show the decision to preclude Mr. Robison's testimony transgressed any clear and unequivocal rule of law. Thus, he cannot show plain error.

[¶ 15] Affirmed.